J-S12042-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LEROY MILLER, JR., | : | |
| | : | |
| Appellant | : | No. 1664 MDA 2018 |

Appeal from the PCRA Order Entered August 29, 2018
in the Court of Common Pleas of Lycoming County
Criminal Division at No(s):  CP-41-CR-0000789-2002

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LEROY MILLER, JR., | : | |
| | : | |
| Appellant | : | No. 1665 MDA 2018 |

Appeal from the PCRA Order Entered August 29, 2018
in the Court of Common Pleas of Lycoming County
Criminal Division at No(s):  CP-41-CR-0000131-2003

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LEROY MILLER, JR., | : | |
| | : | |
| Appellant | : | No. 1666 MDA 2018 |

Appeal from the PCRA Order Entered August 29, 2018
in the Court of Common Pleas of Lycoming County
Criminal Division at No(s):  CP-41-CR-0001070-2003

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LEROY MILLER, JR., | : | |
| | : | |
| Appellant | : | No. 1667 MDA 2018 |

Appeal from the PCRA Order Entered August 29, 2018
in the Court of Common Pleas of Lycoming County
Criminal Division at No(s):  CP-41-CR-0001081-2003

BEFORE:  BOWES, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED APRIL 16, 2019**

In these consolidated appeals, Leroy Miller, Jr. ("Miller"), *pro se*, appeals from the Order dismissing his serial Petition for Relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In January 2003, Miller pled guilty to various sexual offenses, including rape and indecent assault, at four separate trial court docket numbers (hereinafter, the "four docket numbers").  The charges arose out of his repeated abuses of his minor niece and nephew.  On April 9, 2003, the trial court sentenced Miller to an aggregate term of 11½ to 29 years in prison, followed by six years of probation.  Miller was also found to be a sexually violent predator ("SVP"), and, notably to this appeal, was subject to a period of lifetime registration and reporting, pursuant to Megan's Law II.  **See** 42

Pa.C.S.A. § 9795.1(b)(2) (expired).[1] Miller filed an appeal from his judgment of sentence, which this Court dismissed in November 2003 for his failure to file a brief.

Miller thereafter filed several PCRA Petitions, all of which were dismissed. On March 1, 2018, Miller filed a *pro se* "Motion to Dismiss"[2] at the four docket numbers. Therein, he asserted that pursuant to the Pennsylvania Supreme Court's decision in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), retroactive application of SORNA's registration requirements to Miller's convictions rendered this component of his sentence unlawful. The **Muniz** Court held that SORNA's registration requirements constitute criminal punishment, and thus, their retroactive application to increase a sexual offender's term of registration violates the *ex post facto* clauses of the United States and Pennsylvania Constitutions. **Id.** at 1193, 1223.

On May 17, 2018, pursuant to Pa.R.Crim.P. 907, the PCRA court gave Miller Notice of its intent to dismiss his Petition as being untimely. Miller later filed a Response objecting to the Rule 907 Notice. By an Order entered on August 29, 2018, the PCRA court dismissed Miller's PCRA Petition. On

---

[1] Effective December 20, 2012, Megan's Law was replaced by the Sex Offenders Registration and Notification Act ("SORNA"). **See** 42 Pa.C.S.A. §§ 9799.10-9799.41 (subsequently amended on Feb. 21, 2018, by H.B. 631, 202 Gen. Assem., Reg. Sess. (Pa. 2018), Act 10 of 2018 (hereinafter, "Act 10")).

[2] The PCRA court properly treated this Motion as a PCRA Petition, and we will therefore refer to it as such.

J-S12042-19

September 26, 2018, Miller filed timely Notices of Appeal,[3] followed by court-ordered Pa.R.A.P. 1925(b) Concise Statements of errors complained of on appeal.

Miller now presents the following issues for our review:

1.) Whether the [PCRA] court erred in denying [Miller's Petition] to be removed from SORNA[,] as it is unconstitutional when applied to him retroactively[?]

2.) Whether the [PCRA] court erred in not applying the punitive side of SORNA to [Miller], and that Act 10 is a retroactive law against him and is the same as SORNA[,] and is not part of his original plea deal[?]

Brief for Appellant at v (some capitalization omitted). We will address Miller's issues simultaneously, as they are closely related.

In reviewing an order dismissing a PCRA petition, "we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Montalvo*, 114 A.3d 401, 409 (Pa. 2015) (citation and internal quotation marks omitted).

Before addressing Miller's claims, we first must ascertain whether he timely filed his PCRA Petition, as any PCRA petition must be filed within one year of the date the petitioner's judgment of sentence became final. *See* 42 Pa.C.S.A. § 9545(b)(3). The one-year time limitation is jurisdictional, and a

_____

[3] In filing his appeals, Miller complied with the mandates of *Commonwealth v. Walker*, 185 A.3d 969, 971, 977 (Pa. June 1, 2018) (holding that, prospectively from the date of the *Walker* decision, "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case."); *see also* Pa.R.A.P. 341, note.

- 4 -

PCRA court has no power to address the substantive merits of an untimely petition. **Commonwealth v. Abu-Jamal**, 833 A.2d 719, 723-24 (Pa. 2003). The three exceptions to the one-year filing requirement are for after-discovered facts, interference by a government official, and a newly-recognized constitutional right. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petition asserting one of these exceptions must also establish that the exception was raised within one year of the date the claim could have been first presented. 42 Pa.C.S.A. § 9545(b)(2).[4]

Here, because Miller's respective judgments of sentence became final in December 2003, and he did not file the instant PCRA Petition until March 1, 2018, it is facially untimely. However, Miller purports to invoke the newly-recognized constitutional right exception at 42 Pa.C.S.A. § 9545(b)(1)(iii).[5] Miller urges that his sentence is illegal as a result of **Muniz**, and this Court's

---

[4] Section 9545(b)(2) was amended on October 24, 2018, effective in 60 days (*i.e.*, Dec. 24, 2018), extending the time for filing from *60 days* of the date the claim could have been first presented, to *one year*. The amendment applies to claims arising on December 24, 2017, or thereafter. **See** Act 2018, Oct. 24, P.L. 894, No. 146, § 3 (hereinafter "Act 146"). In the instant case, the one-year time limit of Act 146 applies to Miller's PCRA Petition, since he filed it on March 1, 2018.

[5] Though Miller did not explicitly invoke this exception in his PCRA Petition, he implicitly pointed to it due to the nature of his claim, and the PCRA court addressed Miller's claim under this exception in its Order dismissing his Petition. Accordingly, Miller's claim on appeal regarding this exception is properly preserved for our review. **See Commonwealth v. Collins**, 957 A.2d 237, 247-48 (Pa. 2008) (holding that the PCRA petitioner had properly preserved his claim where he raised it before the PCRA court).

later decision in **Commonwealth v. Rivera-Figueroa**, 174 A.3d 674, 678 (Pa. Super. 2017) (holding that "**Muniz** created a substantive rule that retroactively applies in the collateral context.").

Miller has failed to meet the requirements of the newly-recognized constitutional right exception. As our Supreme Court has explained, this exception has two requirements:

> First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or [the Pennsylvania Supreme Court] after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right *and that the right "has been held" by that court to apply retroactively.* The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

**Commonwealth v. Spotz**, 171 A.3d 675, 679 (Pa. 2017) (emphasis added; citation omitted).

Though the *Superior Court* in **Rivera-Figueroa** held that **Muniz** applies retroactively, because Miller's instant PCRA Petition is facially untimely (unlike the *timely*-filed first petition at issue in **Rivera-Figueroa**), he must demonstrate that the Pennsylvania Supreme Court has held that **Muniz** applies retroactively in order to satisfy Section 9545(b)(1)(iii). **See Commonwealth v. Murphy**, 180 A.3d 402, 405-06 (Pa. Super. 2018) (recognizing that to invoke the timeliness exception at subsection (iii), the petitioner must demonstrate that the Pennsylvania Supreme Court has held

that **Muniz** applies retroactively). To date, the Pennsylvania Supreme Court has not expressly held that **Muniz** applies retroactively. Therefore, **Muniz** is not availing to Miller to meet the newly-recognized constitutional right exception.[6] **See id.**

Because Miller failed to timely file his PCRA Petition, and because he has not met an exception to the PCRA's timeliness requirement, we affirm the Order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/16/2019

---

[6] Should the Pennsylvania Supreme Court expressly hold that **Muniz** applies retroactively, Miller may again petition for PCRA relief within one year of that decision.